Filed 2/23/23  P. v. Romero CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096695 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF04027) |
| v. | |
| CODY DAVID ROMERO, | |
| Defendant and Appellant. | |

Defendant Cody David Romero pleaded no contest to kidnapping and admitted a firearm enhancement.  The trial court sentenced him to an aggregate term of nine years in state prison, consisting of the upper term of eight years for kidnapping, plus one year for the firearm enhancement.

On appeal, defendant argues that in the absence of a stipulation, a true finding by a jury, or a certified record of conviction, the trial court prejudicially erred in imposing the

upper term for kidnapping based on the recitation of his criminal history contained in the probation report.

The Attorney General agrees that remand for resentencing is required, as do we. We shall remand for resentencing and otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's offenses are irrelevant to our disposition. It suffices to say that defendant pleaded no contest to one count of kidnapping (Pen. Code, § 207, subd. (a))[1] and admitted a firearm enhancement (§ 12022, subd. (a)(1)).

The probation report included a summary of defendant's criminal record, which was "derived from official records of the Department of Justice and/or the Federal Bureau of Investigation (FBI) through the California Law Enforcement Telecommunications System (CLETS) and supplemented, where applicable through the records of the Butte County Superior Court."

At sentencing, the trial court acknowledged section 1170 limited its authority to impose a sentence exceeding the middle term except when the aggravating factors justifying the upper term were stipulated to by a defendant or found true beyond a reasonable doubt by a jury or a judge. It further noted defendant "did not stipulate to the existence of aggravating factors, nor did a jury find[] aggravating factors to be true." However, the court considered defendant's "prior convictions are numerous and of increasing seriousness" as an aggravating factor, and concluded this factor outweighed other mitigating circumstances including defendant's childhood trauma. Accordingly, the court selected the upper term of eight years for kidnapping. Defendant timely appealed.

---

[1] Undesignated statutory references are to the Penal Code.

**DISCUSSION**

Defendant argues the trial court erred in imposing the upper term for his kidnapping count because his prior convictions were not supported by a certified record of conviction, a stipulation, or a jury finding. The Attorney General agrees. We agree with the parties.

Under section 1170, the trial court may impose the upper term only if the facts underlying the aggravating circumstances that justify the upper term "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) But the trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).) A probation report is not a certified record of conviction. (*People v. Dunn* (2022) 81 Cal.App.5th 394, 403.)

Here, the trial court clearly noted defendant did not stipulate to any factors in aggravation, nor did a jury find any aggravating factors to be true. The probation report is the only document in the record containing defendant's criminal history. However, as the Attorney General correctly concedes, the report is not a certified record of conviction, and we will not presume the existence of extra-record materials supporting the trial court's findings about a defendant's criminal history. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1115, fn. 6.)

We shall vacate the sentence and remand for the trial court to conduct a full resentencing in a manner consistent with section 1170, subdivision (b). (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 [remand for a full sentencing is appropriate when part of a sentence is stricken].) We express no opinion as to the ultimate sentence but note that because defendant's conviction is not yet final, the trial court should consider any additional changes to the sentencing laws that may apply to defendant's benefit.

## DISPOSITION

The sentence is vacated and the matter is remanded for a full resentencing. The judgment is otherwise affirmed.

/s/

Duarte, Acting P. J.

We concur:

/s/

Krause, J.

/s/

McAdam, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.